Tamaeebbo, J.
Tlie parties to this suit contend for the office of inspector of weights and measures for the Second District of New Orleans. They confront each other with commissions for the same offioe, derived from the same authority. The plaintiff’s commission bears date 28th of March, 1866; that of the defendant 16th of November, 1866.
Upon receiving his commission, Yoss (the defendant) gave public notice-of his appointment. He also demanded from his competitor the public property and the appropriate implements of the office, which were refused. The plaintiff Dubuc took out a writ of injunction against the defendant, restraining him from exercising the duties of his office. When the case was tried in the Court below, judgment was rendered in favor of the plaintiff, perpetuating the injunction, and the defendant has appealed.
There is no need in this ease to go far into the inquiry, whether the power to appoint to office implies the power to remove. A mere arbitrary power to remove, depending solely on the will or caprice of the executive, and to be exercised without good cause, the sic volo, sic jubeo principle, was surely never accorded by the genius of American institutions. The doctrine of Mr. Madison, in regard to the right of removal by the President of the United States, was founded in considerations of public utility, and proceeded upon the assumption that the power of removal, in the hands of that high functionary, would be exercised with a nice discretion and for right purposes. But, in the progress of time, it has been found that this right is liable to abuse, even by the chief executive officer of the nation, and the last Congress has wisely limited its exercise. That the power to remove is incident to the power to appoint, we are not aware has ever been contended for as appertaining to the governors of States. The character of their functions is not, in all respects, analogous. Their power of removal, we apprehend, is generally limited to particular cases provided for by statutory enactments. It would seem to derogate from the efficiency of the chief executive officer of a State, and to lower the dignity of his office, if the grounds upon which he makes removals should be needlessly subject to the scrutiny of the courts, and liable for slight reasons to be annulled by judicial decrees. But there must somewhere be protection to the honest and faithful incumbent, if, unhappily, his right to hold office should be recklessly violated by the head of tlie executive department. To the judiciary, in such a case, would attach tho delicate and ungrateful duty of inquiring whether the executive had infringed the law. Such cases, we may hope, will be of rare occurrence.
The only evidence before the Court in this case are the two commissions. Both cannot have effect. If the one first issued continues in force, the last is simply null. If tho latter .is valid, it supersedes the former. The commission to Yoss recites that he is appointed in place of “Joseph Dubuc, removed.” The act of 1855 ($13), relating to the subject of weights and measures, authorizes the governor, in a certain contingency, to remove inspectors of weights and measures. Acts of 1855, p. 362.
The presumption is in favor of every public officer that he performs his duties properly. In the case now before us, the presumption is that the commission last issued is the one legally in force. That presumption is strengthened by the official declaration on its face, that Dubuc was re *212 moved, and by the fact that the governor, by the act of 1855, has, in a certain contingency, the right to remove an inspector of weights and ■ measures. But this presumption, in favor of the proper exercise of power by the governor, was subject to be overthrown by countervailing evidence, if it were in the power of the complainant to produce it. But no such evidence was introduced ; and, in its absence, the presumption that the commission of Yoss legally supersedes that of Dubuc, must prevail.
It is therefore ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed. It is further adjudged and decreed, that the plaintiff and appellee pay costs in both courts.
Rehearing refused.